IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| IN RE: | * | |
| NAKADDU, LLC, | * | Chapter 11 Case No. 19-10977 |
| Debtor. | * | |
| | * | |
| NAKADDU, LLC, | * | |
| Appellant, | * | |
| v. | * | **Appeal Case No. CV 119-203** |
| SECURED INVESTMENT LENDING CORPORATION, | * | |
| Appellee. | * | |

**O R D E R**

On May 15, 2020, the Court received notice that, on March 24, 2020, Appellant's underlying bankruptcy case was dismissed. (Notice of Order of Dismissal, Doc. 12.)  Given that "Article III of the Constitution restricts the power of federal courts to Cases and Controversies[,] . . . to invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Chafin v. Chafin, 568 U.S. 165, 171-72 (2013) (citation, internal punctuation, and internal quotation marks omitted).  As such, "a case becomes moot . . . when it is impossible for a court to grant any effectual relief whatever

to the prevailing party." Id. at 172 (citation and internal quotation mark omitted). An appeal arising from ongoing bankruptcy proceedings generally becomes moot when the underlying bankruptcy case is dismissed. See Neidich v. Salas, 783 F.3d 1215, 1216 (11th Cir. 2015) ("[T]he dismissal of a Chapter 13 case moots an appeal arising from the debtor's bankruptcy proceedings.").

Here, Appellant appeals the Bankruptcy Court's order appointing a Chapter 11 trustee in the underlying bankruptcy case.[1] (Notice of Appeal; see Order Appointing Trustee, Doc. 1-4.) The Chapter 11 trustee is no longer appointed trustee given the dismissal. As such, the Court is unable to grant any effective relief. Cf. Neidich, 783 F.3d at 1216 ("So, as things stand now, [the] [a]ppellant does not have a Chapter 13 plan containing the deduction that the trustee objects to."); Daniels v. Gebhardt, No. 1:12-cv-04181-WSD, Doc. 13, at 9 (N.D. Ga. May 16, 2013) ("Because [the] [d]ebtors' case was converted from Chapter 11 to Chapter 7, [the trustee's] appointment as a Chapter 11 trustee cannot now be vacated and [the individual debtor] cannot be restored to debtor-in-possession status. Simply put, the [c]ourt is unable to grant [the] [a]ppellants the relief they seek.").

---

[1] The Court notes Appellant failed to timely file and serve a brief as required by Federal Rule of Bankruptcy Procedure 8018(a). In fact, Appellant took no action in pursuit of this appeal after the notice of appeal was docketed over five months ago. (Notice of Appeal, Doc. 1.)

Consequently, **IT IS HEREBY ORDERED** that this appeal is **DISMISSED AS MOOT**. The Clerk is directed to **TERMINATE** all motions and deadlines and **CLOSE** this appeal.

**ORDER ENTERED** at Augusta, Georgia, this 19th day of May, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA